UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CURTIS EDWARD ALVEY, JR.**                                                  **PLAINTIFF**

**v.**                           **CIVIL ACTION NO. 1:20-CV-143-GNS**

**BOWLING GREEN POLICE DEPT.**                                   **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's application to proceed without prepayment of fees. On review, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's previously filed application to proceed without prepayment of fees (DN 3), which was filed on the wrong form, is **DENIED as moot**.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.**

*Pro se* Plaintiff Curtis Edward Alvey, Jr. filed this action naming as Defendant the Bowling Green Police Department (DN 1). As an attachment to his complaint added a few days after filing his initial complaint, he states that the basis for jurisdiction is the Federal Tort Claims Act (DN 1-2). On that form, he states as his statement of the claim: "After several attempts to report a crime that places my life in danger and my daughters I was neglected and had my civil rights violated. This is effecting my education. I am pressing criminal charges."

Plaintiff also filed a complaint on a civil-rights complaint form, in which he states that he believes that all of his civil rights have been broken (DN 1-4). His complaint alleges that Defendant did not provide any assistance after he contacted it regarding violence in his workplace, in his personal life, and situations including "strange cyber activity." He also states that Defendant did not allow him to "press criminal charges or pursue my civil rights." In the portion of the complaint which asks for a statement of any injuries sustained, he states: "I have spoken to several police departments and officers but zero have helped me. I have spoken to hospital staff and school counseling. My head hurts. I get dizzy. And I'm scared I'm going to get shot or die in a car crash."

As relief, he requests $20,000 and states, "I am pressing criminal charges, because I fear for my life."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). Conclusory allegations or bare legal

conclusions will not suffice as factual allegations.  *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).  Additionally, this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the instant case, Plaintiff fails to provide sufficient details to put Defendant on notice as to any claim(s) against it, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*), and the complaint is simply too vague for the Court to discern a cause of action under any legal theory.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  The allegations in Plaintiff's

complaint meet this standard as well. The instant action, therefore, must also be dismissed for lack of subject-matter jurisdiction.

Moreover, Plaintiff may not ask this Court to press charges. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

Finally, the Court notes that in this action Plaintiff makes a number of allegations almost identical to ones he made against the Warren County Sheriff's Office in another recent civil action in this Court, *Alvey v. Warren County Sheriff's Office*, 1:20-cv-141-GNS. Plaintiff has recently been warned against the filing of duplicative and frivolous actions in yet another civil action filed by Plaintiff recently, *Alvey v. Steinfield*, 1:20-cv-171-GNS. The Court realizes that Plaintiff filed the instant action before he was warned that sanctions may be imposed if he continues filing duplicative, frivolous civil actions. However, the Court takes the opportunity to again **WARN** Plaintiff that filing additional frivolous lawsuits may result in the imposition of sanctions against him, including but not limited to prefiling restrictions.

### III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: October 30, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Counsel of record
4416.009

4